UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TEQUILLA VERNER,

        Plaintiff,

v.                                                  Case No. 3:21-cv-1019-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

        Defendant.
_____

## OPINION AND ORDER[1]

### I.  Status

Tequilla Verner ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of lupus, depression, and a thyroid disease. Transcript of Administrative Proceedings (Doc. No. 9; "Tr." or "administrative transcript"), filed December 16, 2021, at 75, 89, 224. Plaintiff protectively filed an application for DIB on

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 8), filed December 16, 2021; Reference Order (Doc. No. 10), entered December 17, 2021.

November 29, 2019, alleging a disability onset date of July 14, 2017.[2] Tr. at 174-75. The application was denied initially, Tr. at 75-86, 87, 88, 108-10, and upon reconsideration, Tr. at 89-101, 102, 103, 112-17.

On January 8, 2021, an Administrative Law Judge ("ALJ") held a hearing,[3] during which he heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 51-74 (hearing transcript); see also Tr. at 118 (fee agreement). At the time of the hearing, Plaintiff was thirty-nine years old. Tr. at 55. On March 16, 2021, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 12-21.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council; in support of the request, she submitted a self-authored letter, a letter from different counsel, and additional medical evidence. See Tr. at 2, 5-6 (Appeals Council exhibit list and orders), 166-68, 171-73 (request for review), 169, 289-91 (letters), 8, 31-49 (medical evidence). On August 9, 2021, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On October 12, 2021, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a

---

[2] Although actually completed on December 2, 2019, see Tr. at 174, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as November 29, 2019, see, e.g., Tr. at 75, 89.

[3] The hearing was held via telephone with Plaintiff's consent because of extraordinary circumstances caused by the COVID-19 pandemic. Tr. at 12, 53, 162, 164.

- 2 -

Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues generally that "the decision of the ALJ is not supported by substantial evidence." Memorandum in Support of Complaint (Doc. No. 13; "Pl.'s Mem."), filed March 7, 2022, at 6 (capitalization and emphasis omitted). On June 6, 2022, Defendant filed a Memorandum in Support of Commissioner's Decision (Doc. No. 16; "Def.'s Mem.") responding to Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 14-21. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since July 14, 2017, the alleged onset date." Tr. at 14 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: systemic lupus erythematosus (SLE), affective disorder, and bilateral ankle arthropathy." Tr. at 15 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 15 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can perform] sedentary work as defined in 20 CFR [§] 404.1567(a) with the following limitations: Work would be simple, unskilled, and repetitive. No more than occasional interaction with the general public.

Tr. at 16 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as a "phlebotomist," a "medical assistant," and an "order clerk." Tr. at 19-20 (some emphasis, capitalization, and citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 20-21. After considering Plaintiff's age ("35 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 20, such as "addressor," "tube operator," and "cutter and paster." Tr. at 21 (some emphasis and capitalization omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from July 14, 2017, through the date of th[e D]ecision." Tr. at 21 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a

preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As indicated previously, Plaintiff generally raises a challenge that the ALJ's Decision is not supported by substantial evidence. See Pl.'s Mem. at 6. In discussing her argument, Plaintiff merely recites her testimony, some of the VE's testimony, some medical records, and the ALJ's findings. See id. at 6-10. The only real specific legal challenge raised to the ALJ's findings is that he "failed to consider the symptoms after the December 2017 period" even though

"office notes indicate that [P]laintiff is continuing to have symptoms with swelling in the extremities after the December 2017 visit." Id. at 10. Plaintiff does not cite any legal authority in support of her argument or alleged point of error. See id. at 6-10.[5] In the conclusion section, Plaintiff "requests that this Court reverse and remand this case for further medical and vocational analysis to include the limitations concerning the swelling of the hands and feet." Id. at 10.

Responding, Defendant argues Plaintiff is essentially inviting the Court to reweigh the evidence, which the Court cannot do. Def.'s Mem. at 9-10. Defendant also provides support in the record for the ALJ's various findings. Id. at 5-11.

The ALJ's Decision reflects that, contrary to Plaintiff's contention, the ALJ reviewed the record as a whole and determined that Plaintiff is not as limited as she alleges. The ALJ adequately considered Plaintiff's subjective complaints and the medical evidence, including the evidence post-dating 2017. See Tr. at 17-19. The ALJ's findings are supported by substantial evidence and need not be disturbed.

---

[5] Plaintiff's counsel, an experienced attorney in social security disability appeals, has been warned of the problematic nature of this type of practice. See, e.g., Litchfield v. Kijakazi, No. 3:20-cv-907-JRK, 2022 WL 575667, at *3 n.5 (M.D. Fla. Feb. 25, 2022).

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1.   The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2.   The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on October 19, 2022.

_____
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record